People v Galarza (2023 NY Slip Op 05044)

People v Galarza

2023 NY Slip Op 05044

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

SCI No. 2437/18 Appeal No. 707 Case No. 2021-01263 

[*1]The People of the State of New York, Respondent,
v
Luis Galarza, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott Robert Hamilton of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 9, 2021, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art. 6-C), unanimously modified, on the law, to the extent of deleting the 20 points assessed under factor 4, and otherwise affirmed, without costs.
Initially, as the People concede, clear and convincing evidence was lacking to support the 20 points assessed against defendant under factor 4 as it was unclear whether the two occasions of sexual misconduct alleged occurred at least 24 hours apart (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see also People v DeDona, 102 AD3d 58, 64 [2d Dept 2012]). The remaining 85 total points assessed under the risk assessment instrument were not challenged by defendant, which made him a presumptive level two risk to reoffend.
The court providently denied defendant's request for a downward departure to a risk level one. The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of the offense and defendant's extensive criminal history (see generally People v Soto, 213 AD3d 499 [1st Dept 2023], lv denied 39 NY3d 914 [2023]). Defendant's reliance upon his advanced age as a mitigating factor, founded upon studies that his sexual drive could be diminished based on studies of advancing age, is unavailing given that he sexually offended at age 68 and he has made no showing of disabling infirmities (see Guidelines and Commentary at 5; People v Soto, 213 AD3d at 499).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023